UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VIOLA WALTON and<br>CUMBY WALTON | )<br>)<br>) |
|    Plaintiffs, | )<br>) |
|      v. | ) CASE NO.: 1:23-cv-520-HAB-SLC<br>) |
| THE UNITED STATES OF AMERICA,<br>et al., | )<br>)<br>) |
|    Defendants, | )<br>)<br>) |

**OPINION AND ORDER**

Plaintiffs, Viola and Cumby Walton, sued Defendants for negligently causing a car crash in Allen County, Indiana. Plaintiffs initially named Samuel Russell ("Russell"), an employee of the United States Air Force ("USAF"), as a defendant. (ECF No. 2). After the case was removed (ECF No. 1), the United States of America was substituted as a defendant for Russell, who was working within the scope of his employment when the crash occurred. (ECF No. 5). The United States (hereinafter "Government") moved to dismiss Plaintiffs' claims against it because Plaintiffs did not comply with the Federal Tort Claims Act ("FTCA"). (ECF No. 7). In the alternative, the Government seeks summary judgment on the same basis.

The exclusive remedy for tort claims against federal employees is an FTCA action against the Government. And the FTCA requires that a plaintiff present an administrative tort claim to the appropriate agency before commencing their lawsuit. 28 U.S.C. § 2675(a). Plaintiffs failed to do so. Plaintiffs do not attempt to counter the FTCA's strictures; rather, they agree that their claims against the Government should be dismissed. (ECF No. 10). As Plaintiffs acknowledge, they "did

1

not present an administrative tort claim to the appropriate agency before commencing the lawsuit." (*Id.*). Thus, all of Plaintiffs' claims against the Government must be DISMISSED.

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). Typically, a court may not consider matters outside the pleadings unless the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). But a court, in deciding a motion under Rule 12(b)(6), may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 492–93 (7th Cir. 2011); *Daugherty Speedway, Inc. v. Freeland*, 520 F. Supp. 3d 1070, 1075 (N.D. Ind. Feb. 17, 2021).

## II. Factual Background

In September 2023, Plaintiffs sued Russell in state court alleging that Russell caused or contributed to a September 2022 motor vehicle accident. The Government, on Russell's behalf, removed the case to this Court because Russell worked for the USAF and was operating a government-owned vehicle at the time of the collision. Following removal, the Government certified that Russell was working within the scope of his employment and substituted itself as a defendant.

The USAF maintains a computerized database which records all tort claims filed against

it.[1] (ECF No. 8-1). If Plaintiffs filed an administrative tort claim with the USAF, a record of such a filing would be maintained in the Claims Office's database. (*Id.*). There is no record of Plaintiffs filing an administrative tort claim with the USAF in the Claims Office's database. (*Id.*).

### III.     Discussion

The FTCA provides the exclusive remedy for torts committed by "any employee of the Government" within the scope of employment. *United States v. Smith*, 499 U.S. 160, 173 (1991) (quoting 28 U.S.C. § 2679(b)(1)). It prohibits claims for monetary relief against the Government unless plaintiffs first exhaust their administrative remedies. *See* 28 U.S.C. § 2675(a). "To exhaust administrative remedies, the plaintiff must 'have first presented the claim to the appropriate Federal agency,' so that the agency has an opportunity to meaningfully consider and address the claim prior to suit." *Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019) (quoting 28 U.S.C. § 2675(a)). Unexhausted claims must be dismissed if the Government does not waive the exhaustion defense. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

Here, Plaintiffs were required to present an administrative tort claim to the USAF before bringing an action under the FTCA. 28 U.S.C. § 2675(a). Plaintiffs did not. (ECF Nos. 8-1, 10) Thus, Plaintiffs claims against the Government must be DISMISSED.

### **CONCLUSION**

For these reasons, all of Plaintiffs' claims against Defendant, the United States of America, are DISMISSED.

SO ORDERED on March 5, 2024.

---

[1] The Court takes judicial notice of the Government's declaration regarding the USAF's database. (ECF No. 8-1).

 s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT